FRED LADD DELKIN AND JAMES LADD DELKIN, APPELLANTS, *v.* NEVADA TITLE GUARANTY CO., A NEVADA CORPORATION, AND HATTIE MAY PAVLO, RESPONDENTS.

No. 4202

November 25, 1959

346 P.2d 703

*Herman E. Fisher, Jr.,* of Las Vegas, for Appellants.

*Emerson J. Wilson,* of Reno, for Respondents.

**OPINION**

By the Court, McNamee, C. J.:

Appellants are the plaintiffs below and respondents are the defendants below.

Plaintiffs and defendant Pavlo were the owners of all of the corporate stock of Lon-Gene, Inc., a corporation. On December 13, 1956, they entered into an agreement whereby plaintiffs agreed to sell to Pavlo all of their stock representing 60 percent of the total outstanding shares of the corporation for $71,500, less 60 percent of the outstanding liabilities of the corporation. The liabilities were to be reflected by a balance sheet to be furnished by one Carl A. Brown, a public accountant, employed by both Pavlo and plaintiffs. The agreement was in the nature of an escrow agreement which designated the defendant, Nevada Title Guaranty Co., the escrow holder. On December 13, 1956 the said agreement was placed in escrow and on the same day Brown deposited in escrow a balance sheet which he subsequently withdrew. Thereafter he deposited another balance sheet which reflected liabilities of $8,919.39 in excess of the liabilities shown in the original balance sheet.

Upon receipt of all the documents and cash required under said escrow agreement to be deposited in escrow, the said escrow holder distributed the documents and cash as specified in the escrow agreement and closed the escrow.

Plaintiffs claim that in recognizing the second balance sheet the escrow holder violated its trust and, therefore, the plaintiffs were damaged in the sum of $5,315.63 (being 60 percent of the said sum of $8,919.39).

As stated in the opinion of Judge Taylor in the court below:

"From the entire transaction it is evident that the parties intended that the basis of the settlement would be the true net liabilities."

It is not seriously disputed, nor could it be, that the extra liabilities enumerated in the second schedule were actual existing liabilities of the corporation except one item of $322.24 which was erroneously included in the second balance sheet and which was deducted therefrom by the trial court.

Plaintiffs contend that Brown's authority to prepare the liability sheet was limited to the first liability sheet which he deposited in escrow and that if additional liabilities came to his or the contractual parties' attention thereafter, they were subject to rectification pursuant to a term of the agreement which provides as follows:

"In the event that there are liabilities not disclosed on the balance sheet submitted as aforesaid, the Buyer shall be authorized to discharge the said liabilities and deduct from said payments on each promissory note (i.e., the note to James Ladd Delkin and the note to Fred Ladd Delkin) 30% of the amount of the liability or liabilities so discharged, after arbitration."

It is to be noted, however, that the escrow agreement provided no time limit for the furnishing or supplying of the balance sheet.

In our opinion it was proper for Brown, in fact it was his duty, to substitute a corrected balance sheet any time before the close of the escrow, reflecting all corporate liabilities coming to his knowledge. Cf. Meeks v. Stillwell, 54 Ohio St. 541, 44 N.E. 267.

The distribution of funds by the escrow holder was made pursuant to the amended balance sheet and this was proper except as to said item of $322.24. In its judgment the trial court rectified this error and gave judgment in favor of each of the plantiffs and against Pavlo in the sum of $193.34. At the same time it awarded judgment in favor of the defendant, Nevada Title Guaranty Co., which was proper.

Affirmed with costs.

BADT and PIKE, JJ., concur.